U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2025 AUG 14 P 5:59

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------

GULFVIEW MEDICAL INSTITUTE,      :      **CASE NUMBER:** _____
LLC, AND JOSEPH RAVID,
                                 :
Plaintiffs,
                                 :      **JUDGE:** _____
v.
                                 :
BTL INDUSTRIES, INC.;
MMP CAPITAL, INC.;  PEAC         :
SOLUTIONS,:   DEXT
CAPITAL; KLC FINANCIAL, LLC.;    :
LAKELAND WEST CAPITAL, LLC;
AMUR  EQUIPMENT FINANCE, INC.   :
JANE and JOHN DOES 1-15; and
ABC COMPANIES 1-20,              :

Defendants.                      :      **JURY TRIAL DEMANDED**

------------------------------------------------

Plaintiffs  GulfView  Medical  Institute,  LLC  and  Joseph  Ravid,  by  and  through  the

undesigned counsel sues the aforesaid defendants as follows:

**PARTIES**

1. Plaintiff, GulfView Medical institute, LLC (hereinafter "GulfView", or "plaintiffs") is a

1

medical provider doing business in Charlotte County, Florida.

2.  Plaintiff, Joseph Ravid (hereinafter "Ravid" or "plaintiffs") is an individual residing in Charlotte County, Florida.

3.  BLT Industries, Inc.  (hereinafter "BLT" or "defendants" ) is a business entity incorporated in the State of Delaware .  BLT is a privately owned global manufacturer of medical equipment.  BLT's principal place of business is 362 Elm Street, Marlborough, Massachusetts.  BLT was responsible, in some manner, for the acts and omissions alleged herein and proximately caused the plaintiffs to be subjected to wrongful damages complained of herein.

4.  MMP Capital, LLC (hereinafter "MMP" or "defendants" ) is a business entity incorporated in the State of New York.  MMP is a privately owned financial services company  with an office located at 19 Engineers Lane, Farmingdale, New Jersey.  MMP is engaged in entering into finance agreements for the purchase of BTL devices.  MMP was responsible, in some manner, for the acts and omissions alleged herein and proximately caused the plaintiffs to be subjected to wrongful damages complained of herein.

5.  PEAC Solutions (hereinafter "PEAC" or "defendants") is a provider of commercial financial services and is located at 300 Fellowship Road in Mount Laurel, New Jersey.  PEAC is engaged in entering into finance agreements for the purchase of BTL devices.  PEAC was responsible, in some manner, for the acts and omissions alleged herein and proximately caused the plaintiffs to be subjected to wrongful damages complained of

herein.

6.    DEXT Capitial, LLC (hereinafter "DEXT" or "defendants" ) is a privately owned finanical services company organized under the laws of Delaware, with an office located at 5000 Meadows Road, Lake Oswego, Oregon. DEXT  is engaged in entering into finance agreements for the purchase of BTL devices.  DEXT was responsible, in some manner, for the acts and omissions alleged herein and proximately caused the plaintiffs to be subjected to wrongful damages complained of herein.

7.  KLC Financial Services, Inc  (hereinafter "KLC" or "defendants") is a financial services company located at 4350 Baker Road, Minnetonka, Minnesota.  KLC is engaged in entering into finance agreements for the purchase of BTL devices.  KLC was responsible, in some manner, for the acts and omissions alleged herein and proximately caused the plaintiffs to be subjected to wrongful damages complained of herein.

8.  Lakeland West Capital, LLC  (hereinafter "Lakeland" or "defendants") is a financial services company organized under the laws of Texas, with an address in Waco, Texas. Lakeland is engaged in entering into finance agreements for the purchase of BTL devices.  Lakeland was responsible, in some manner, for the acts and omissions alleged herein and proximately caused the plaintiffs to be subjected to wrongful damages complained of herein.

9.  AMUR Equipment Finance, Inc (hereinafter "AMUR" or "defendants") is a financial services company located at 304 West 3rd Street,  Grand Island, Nebraska. AMUR is engaged in entering into finance agreements for the purchase of BTL devices.  AMUR

3

was responsible, in some manner, for the acts and omissions alleged herein and proximately caused the plaintiffs to be sujbected to wrongful damages complained of herein.

10. Plaintiffs do not know the true identities of JANE and JOHN DOES 1-15. Plaintiffs will seek leave of this Court to amend this Complaint when such identities are discovered. JANE AND JOHN DOES 1-15 are responsible, in some manner, for the acts and omissions alleged herein and proximately caused the plaintiffs to be subjected to wrongful damages complained of herein.

11.   Plaintiffs do not know the true identies of ABC COMPANIES 1-20. Plaintiffs will seek leave of this Court to amend this Complaint when such identtitites are discovered. ABC CCOMPANIES 1-20 was responsible, in some manner, for the acts and omissions alleged herein and proximately caused the plaintiffs to be subjected to wrongful damages complained of herein.

## JURY TRIAL

12. Plaintiffs demand a trial by jury.

## JURISDICTION & VENUE

13. This Court has jurisdiction in this litigation as the amount in controversy exceeds $75,000.00 (USD), not including costs of litigation and court costs, under 28 U.S.C. 1332. Jurisdiction over the state and common law claims is also appropriate under 28 U.S.C.

1367(a), 1338(a) and (b) and principles of pendent jurisdiction.

14.   This Court has jurisdiction over the defendants because the defendants are corporations, limited liability companies, or other business entities authorized to conduct and do business in the business in the State of New Jersey.  Defendants conduct sufficient business with sufficient minimum contacts in New Jersey, and/or otherwise  intentionally avail themselves of the New Jersey market through their promotion, sales, distributions, marketing, and  financing withn this State to render the exercise of jurisdiction by this Court permissible.

15.   Venue is proper under 28 U.S.C. 1391 (b)(2) because the defendants transact substantial business in this District.  A part of the events giving rise to plaintiff's claims arose here.

**ALLEGATION OF FACTS**

16.  Plaintiffs bring this action as the purchaser/financial executor of the purchase of cosmetic medical devices produced, sold, and financed by the defendants.  Defendants induced the plaintiffs by way of fraudulent, misleading and deceptive sales and financing statement so as to wrongfully induce the plaintiffs into said events.

17.  This litigation arises from the defendants fraudulent, deceptive and exploitative marketing and sales practices in the medical aesthetics industry.  Said industry is highly unregulated.   This is a civil action for unfair and deceptive business pratices, breach of contract, breach of duty of good faith and fair dealing, unjust enrichment, fraud, and

5

conspiracy.

18. The medical aesthetics business has grown exponentially in the past recent years. Manufacturers and financial services companies have employed extremely aggressive marketing tactics upon medical providers as a revenue lucrative promise.

19. The defendants marketed medical devices and promised high revenues. Defendants promised marketing and advertising support to the plaintiffs, yet the defendants failed to execute on their representations.

20. BLT facilatated financing through third party lenders, including but not limited to MMP, PEAC, DEXT, LAKELAND, AMUR.

21. BLT induced the plaintiffs into a relationship through false promises. That relationship resulted in the plaintiffs entering into high interest financing agreements and therby amassing hundreds of thousands of dollars in debt.

22. Defendants lured the plaintiffs into financing their cosmetic medical devies by wining and dining the plaintiffs at extravagant sales conferences, overinflating and blatantly mispresenting potential sales projections.

23. BLT promised post purchase marketing to drive sales to the plaintiffs' medical practice, yet failed to execute upon their promise to the plaintiffs.

24. BLT engaged in unlawful business practices, including but not limited to, fraudulent, misleading, and deceptive sales practices in an effort to take advantage of the plaintiffs herein.

25. BLT's imprudent actions, were purposfully employed to fraudulently induce the

6

plaintiffs to purchase BLT devices and therby becoming burdened with crippling and unconscionable indebtedness.

26. BLT intentionally targets and solicits business owners that are unsophisticated in the industry of body contouring and skin tightening so that they are unfamiliar with the market and what price the treatment sessions for their products bring in the market and tat they have no way of confirming.

27. BLT conspired with the defendants, finance companies, to create the illusion that the plaintiffs were investing in a program with minimal risks.

28. BLT sold the plaintiff extremely expensive equipment promising great financial returns in an alleged booming market all the while BLT knowing that in reality that there was no market for those services in the plaintiffs' area.

29. BLT teamed up with the defendants to provide the plaintiffs with boilerplate fianancing agreement. Those financing agreements were said to be mandatory and not open to negotiation.

30. The defendants, in a short period of time, quickly sold those financial indebtedness to other parties without the knowledge of the plaintiffs.

## CLAIMS OF RELIEF

### *COUNT I - VIOLATION OF DECEPTIVE AND UNFAIR TRADE*

31. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 30 as incorporated herein.

32.  At all relevant times herein, BTL was engaged in trade or commerce.

33.  BLT's actions descrived above constitute unfair and deceptive acts or practices in the conduct of trade of commerce.

34.  Plaintiffs assert that BLT's actions described above have at all times relevant been willful and knowing.

35.  As a direct and proxminate result of BTL's action alleged above, the plaintiffs have suffered financial damages.


### COUNT II -  BREACH OF CONTRACT

36.  Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 35 as incorporated herein.

37.  Plaintiffs entered into a contract with BTL in detrimental reliance of the promises made by BTL to the plaintiffs as noted above.

38.  Those promises were breached by BTL.

39.  As a direct and proximate result of BTL's breaches, the plaintiffs have suffered substantial financial damages.


### COUNT III - BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40.  Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 39 as incorporated herein.

41.  Throughout the relationship with BTL, BLT owed a duty to the plaintiffs of good

faith and fair dealing.

42. BLT used their superior knowledge and position against the plaintiffs to take unfair advance of them, as noted above.

43. BTL breached the duty owed to the plaintiff.

44. As a direct and proximate result of BLT's breach of the duty they owed to the plaintiffs, the plaintiffs have suffered financial damages.

### COUNT IV - FRAUD

45. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 44 as incorporated herein.

46. Defendants', each and everyone named in the litigation, actions of misrepresentations, failures to disclose, and deceptive actions as aforsaid are fraudulent and involve deception in order to induce the plaintiffs to act to their detriment.

47 Defendants knew or should had known that their fraud and reckless disregard to the truth to induce the plaintiffs to act to their detriment and sustain damages was unconscionable.

48. As a direct and proximate result of the defendants actions, the plaintiffs have suffered financial loss.

### COUNT V.  UNJUST ENRICHMENT

49.  Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 48 as incorporated herein.

50.  As a direct rsult of the defendants named above, the defendants have been unjustly enriched at the expense of the plaintiffs.

51.  As a direct and proximate result of the defendants' actioon, the plaintiffs have suffered financial loss.

### *COUNT VI.  CONSPIRACY*

52.  Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 51  as incorporated herein.

53.  All the defendants named to this litigation have conspired amongst themselves to entice the plaintiffs to enter into arrangements with the intent to extort large sum of funds from the plaintiffs.

54.  As a direct and proximate result of the defendants' action, the plaintiffs have been caused to suffer and will continue to suffer damages.

### *PRAYER FOR RELIEF*

WHEREFORE, plaintiffs pray that this Court enter judgment in its favor on each and every claim for relief set forth above and award relief in favor of the plaintiffs to include, but not limited to:

1.  Compensatory damages;

2.  Conquential damages

3.  Treble damages;

4.  Attorney fees;

5.   Pre and post-juddgment interest; and

6.  Such other relief as the Court may deem appropriate.

Respectfully submitted,

_____

Hugo R. Harmatz, Esquire
Attorney for Plaintiffs
Law Offices of Hugo Harmatz
12 Christopher Street, Suite 200
Eatontown, New Jersey  07724
Telephone:  (732) 845-11
E-Mail:  lawyur@aol.com

Dated:  23 August 2025